Samuel H. Hofstadter, J.
The plaintiff has been engaged in the funeral directing business in the Borough of Manhattan since 1941 and has occupied its present quarters at 888 Lexington *493 Avenue in that borough since 1951. It has built up a large and profitable business and has advertised extensively. After the plaintiff’s president joined the organization in 1951 he and his associates filed in the New York County Clerk’s office a certificate of doing business at 888 Lexington Avenue under the name of “ The Abbey ”, thereby continuing the same name as that in a like certificate of his associates on file since 1940 or 1941. There is little question that the plaintiff’s establishment is generally known as ‘ ‘ The Abbey ’ ’.
The defendants are funeral directors whose establishment is located at 1430 Unionport Eoad in the Borough of The Bronx. The defendants, husband and wife, though the sole stockholders of a corporation, Park Abbey Funeral Chapel, Inc., not a defendant, in whose name all formal and fiscal operations are conducted, have filed in the Bronx County Clerk’s office a certificate of doing business as “ Abbey Parkchester Funeral Chapel ”. The defendants use the latter name widely in the operation of their establishment. The result has been confusion between the plaintiff’s and the defendants’ funeral parlors. Inquiries intended for the one have been directed to the other and in at least one instance flowers ordered sent to the defendants were tendered at the plaintiff’s establishment. There has been confusion, unquestionably due to the use by both parties of the name ‘1 Abbey ’ ’.
A previous action between these parties illumines their present controversy. Before the adoption of the ‘1 Abbey Parkchester Funeral Chapel” trade name the defendants had filed a certificate of the use of the name “ Abbey Park Funeral Chapel ”. The plaintiff and the individuals who had filed “ The Abbey ” trade-name certificate brought an action in this court in 1952 against the individual defendants and their corporation, Park Abbey Funeral Chapel, Inc., to enjoin the use of their names. The action was settled by a written stipulation of discontinuance on January 31,1953. By this stipulation the present defendants bound themselves to cancel of record their “ Abbey Park Funeral Chapel ” trade-name certificate as well as to withdraw all advertising under that name. They undertook further to cancel the license issued to them by the New York State Department of Health to conduct a funeral establishment under that name. The stipulation, however, concluded with the significant proviso that “ despite the foregoing, the defendants do not concede that the plaintiffs have the sole legal right to the use of the word or words ‘ Abbey ’ or ‘ The Abbey ’ ”.
The certificate of the new name whose use is here challenged was filed in July, 1956. In my opinion, the defendants’ use of the name “ Abbey Parkchester ” constitutes unfair competition *494 under the law as well as a violation of the spirit, if not the letter, of the stipulation of January 31, 1953. The substitution of “ Abbey Parkchester ” for “ Abbey Park ” is a transparent evasion of the terms of the stipulation. It, too, supports the inference to be drawn from the testimony of one of the defendants, that the stipulation was signed with mental reservation on their part. The position of ‘ ‘ Abbey ’ ’ as the first word in the defendants’ business name necessarily creates danger of confusion with “ The Abbey ”, the name by which the plaintiff has become generally known. The likelihood of confusion is, of itself, sufficient to justify relief. Here, as the evidence establishes, that likelihood has become an actuality, for confusion has in fact occurred. This is the inevitable result of the adoption of a name so closely resembling the plaintiff’s for the conduct of the same line of business. Though one funeral parlor is in Manhattan and the other in The Bronx, they are nevertheless in proximity, for patronage in this field is not confined to geographical location. The defendants confess as much through their listing in the Manhattan classified telephone directory.
Nor is it to be overlooked that the defendants have given no satisfactory explanation for the order in which “Abbey” appears in their business name. The name of their corporation is “Park Abbey”; yet, they do business as “Abbey Parkchester ”. In the face of their agreement to abandon “ Abbey Park ”, their substitution of “ Abbey Parkchester ” cannot be regarded as other than a purposeful selection to enable them to trade on the plaintiff’s good will.
The plaintiff has, however, not established such exclusive appropriation of the word “ Abbey ” as to compel the defendants to forbear its use entirely. The defendants may use “ Abbey ” as part of their business name, so long as that name does not commence with “Abbey” or “ The Abbey ” and so long as “Abbey ” or “ The Abbey ” is used in conjunction with other words forming part of their business title. The plaintiff may have an injunction to the foregoing effect.
The defendants urge that the plaintiff should be denied relief because of laches. The plaintiff learned of the “ Abbey Parkchester ” name in 1957 or 1958; it immediately protested its use in a telephone talk with the defendants. It served formal notice in May, 1959 and instituted this action soon thereafter in 1959. The defendants were on notice that their course was not to remain unchallenged. In this area of the law, mere delay will not ordinarily defeat injunctive relief against the continued perpetration of the wrong, in the absence of such acquiescence as creates a new right in the defendant or some element of estop *495 pel. Nothing of that kind exists here. In the circumstances, the defense of laches may not prevail (Menendez v. Holt, 128 U. S. 514, 523-524).
The objection to the question at page 16 is sustained and the answer stricken. All other motions of the defendants addressed to evidence or exhibits are denied, as are their motions to dismiss and for judgment, except insofar as the relief given the plaintiff is restricted as hereinbefore stated. Each party has an exception to any adverse ruling so made.
The plaintiff waives an accounting.